**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 03:57 PM June 4, 2014**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MIRANDA FAYE YOST | ) | CASE NO. 13-63120 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

  The issue before the court is the proper calculation of Miranda Faye Yost's ("Debtor") exemptions in her 2013 federal refund. Debtor claims the following exemptions in her income tax refund: a $1,000.00 Child Tax Credit ("CTC") and a $670.00 Earned Income Tax Credit ("EIC") both under ORC § 2329.66(A)(9)(g), $450.00 in cash-on-hand under O.R.C. § 2329.66(A)(3), and $1,225.00 under the "wild card" exemption of ORC § 2329.66(A)(18). While not completely clear, Trustee appears to argue that Debtor's CTC is not exempt and only a portion of her EIC is exempt. The court held a hearing on Trustee's objection to Debtor's exemptions on May 12, 2014. Debtor and Trustee filed supporting documentation and the issue is before the court.

  The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

  This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## Facts

The facts of this case are not in dispute. Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code ("the Code") on December 31, 2013. On Schedule B, Debtor listed an interest in a 2013 federal income tax refund with a value initially scheduled as "unknown." On April 2, 2014, after Debtor completed her 2013 federal income tax return, she amended Schedule B to show a 2013 federal income tax refund of $3,362.00. Debtor's tax return shows an adjusted gross income of $33,678.00. After subtracting her standard deduction and available exemptions, Debtor's taxable income was $16,928.00. Based on her taxable income, Debtor owed federal income taxes of $1,901.00. Debtor then claimed a CTC of $1,000.00, reducing her tax liability to $901.00. Debtor also claimed an EIC of $670.00. Furthermore, over the course of 2013 Debtor paid $3,593.00 in taxes via paycheck withholdings. Based on all of the above, Debtor received a federal income tax refund of $3,362.00 for tax year 2013. Debtor claims the following exemptions, essentially protecting her entire tax refund: a cash-on-hand exemption of $450.00, a "wild card" exemption of $1,225.00, a CTC exemption of $1,000.00, and an EIC exemption of $670.00. The combination of Debtor's claimed exemptions leave creditors with access to only $17.00 of the $3,362.00 refund.

## Law & Analysis

A bankruptcy case begins when a debtor files a bankruptcy petition with the court, which also establishes a bankruptcy estate. 11 U.S.C. § 541(a). What is pulled into the bankruptcy estate is defined broadly as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In a chapter 7 case, unencumbered property of the estate that is not subject to an exemption is generally liquidated for the benefit of creditors. 11 U.S.C. §§ 522(b); 726(a). Unless an exemption applies, a debtor's interest in a tax refund is property of the bankruptcy estate. In re Scales, 477 B.R. 679, 684–85 (Bankr. N.D. Ohio 2012).

Exemptions are statutorily created safe harbors that allow debtors to protect certain assets from the bankruptcy process. 11 U.S.C. § 522. In a showing of deference to State rights, the Code allows individual States to choose between following three exemption options: allow debtors to take the exemptions from the Code, allow debtors to take exemptions determined by State law; or allow debtors to choose between the State or Federal exemptions. 11 U.S.C. § 522(b); In re Pursley, 2014 WL 293557, at *2 (Bankr. N.D. Ohio 2014). Ohio decided to "opt-out" of the federal exemption scheme, only allowing debtors domiciled in Ohio to choose the Ohio exemptions. O.R.C. §§ 2329.66; 2329.662. Three specific Ohio exemptions are at issue in the current case: (1) O.R.C. § 2329.66(A)(3), which allows the exemption of up to $450.00 "in cash on hand, . . . tax refunds, and money on deposit with a bank;" (2) O.R.C. § 2329.66(A)(18), which allows the exemption of $1,225.00 in the debtor's "interest in any property," often referred to as the "wild card" exemption; and (3) O.R.C. § 2329.66(A)(9)(g), which allows for the complete exemption of "[p]ayments under section 24 or 32 of the 'Internal Revenue Code of 1986.'" Section 24 of the Internal Revenue Code ("IRC") established the CTC, while § 32 establishes the EIC. IRC §§ 24, 32. Trustee and Debtor agree on the application of §§

2

2329.66(A)(4) and (A)(18), but disagree on how to properly implement § 2329.66(A)(9)(g).

When determining if a specific piece of property falls within a bankruptcy exemption, courts are "[g]uided by the principal that exemptions are to be construed liberally in favor of debtors." In re Wood, 459 B.R. 263, 269 (Bankr. S.D. Ohio 2011) (internal quotation marks omitted); see also In re Wengerd, 453 B.R. 243, 246–47 (B.A.P. 6th Cir. 2011); Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A., 504 N.E.2d 1100, 1103 (Ohio 1986). Therefore, when "it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." In re Wood, 459 B.R. at 269 (internal quotation marks omitted). The policy justification for exemptions is "to ensure that debtors and their families have sufficient means to support themselves through difficult times without becoming a public charge." Id. (internal quotation marks omitted). The EIC furthers this general policy goal, as the tax credit is a form of public assistance designed to support working low income debtors and their dependents. In re Maine, 461 B.R. 723, 733 (Bankr. S.D. Ohio 2011); Campbell v. Woods (In re Woods), 1997 WL 33343975, at *1 (Bankr. D.S.C. 1997) (describing the EIC "as an item of social welfare legislation effectuated through income tax laws"). Under the Federal Rules of Bankruptcy Procedure, the party challenging an exemption bears the burden of showing the exemption is improper. Fed. R. Bankr. P. 4003; In re Wood, 459 B.R. at 269.

## I. The Nonrefundable Portion of the Child Tax Credit is Not Exempt

A debtor domiciled in Ohio may completely exempt "[p]ayments under section 24 or 32 of the Internal Revenue Code of 1986." O.R.C. § 2329.66(A)(9)(g). Subject to various phase-out thresholds, the CTC, which is established by I.R.C. § 24, provides an individual with a $1,000.00 tax credit for each qualifying dependent child. Zingale v. Rabin (In re Zingale), 693 F.3d 704, 706 (6th Cir. 2012). If a taxpayer's CTC is lower than their total taxes owed, no portion of the CTC is refundable. Id. at 707. The CTC may become refundable if the amount of the CTC exceeds the taxpayer's total federal income taxes. Id. at 706. In the current case, the amount of Debtor's CTC was $1,000.00 and her total tax liability was $1,901.00, resulting in her entire CTC being nonrefundable.

The Sixth Circuit Court of Appeals has decided that the nonrefundable portion of a CTC may not be exempted under O.R.C. § 2329.66(A)(9)(g). The Sixth Circuit reasoned that the use of the word "payment" in the Ohio CTC exemption statute requires that a tax credit be refundable to the debtor before the refund may become exempt. In re Zingale, 693 F.3d at 706. The Sixth Circuit summarized the position as follows, "[t]he non-refundable CTC is classified as a credit and is only used to offset tax liability. Accordingly, the non-refundable CTC is not a payment under § 2329.66(A)(9)(g) and is therefore not exempt." Id. at 709; see also In re Klostermeier, 2009 WL 1617090, at *4 (Bankr. N.D. Ohio 2009). The Sixth Circuit also noted that the CTC falls under the "Tax and Credits" subheading of tax form 1040, while the same form has an entirely different section for refundable tax credits titled "Payments." In re Zingale, 693 F.3d at 708–09. Consequently, Debtor's CTC is not exempt.

3

## II. Debtor May Exempt the Entire Balance of the Earned Income Tax Credit

The structure of the EIC is fundamentally different from the CTC, as the EIC is classified as a "Payment" on Form 1040 and is refundable if the combination of a taxpayer's EIC and income tax withholdings are greater than taxes due. In re Zingale, 693 F.3d at 709. This structure separates the EIC from the CTC, and therefore generally qualifies the EIC as a "payment" under O.R.C. § 2926.66(A)(9)(g). See id. at 708–09. Trustee agrees that a portion of Debtor's EIC is exempt, but disagrees with Debtor on the exact amount.

Trustee argues that only $528.60 of Debtor's $670.00 EIC is exempt under O.R.C. § 2329.66(A)(9)(g). To reach the exempt portion, Trustee calculates the proportion of Debtor's EIC as it relates to Debtor's total 2013 tax payments. Of the $4,263.00 Debtor initially paid in taxes, $3,593.00 relates to wage withholdings and $670.00 relates to the EIC.[1] After dividing Debtor's EIC by her total IRS payments, 15.72% of Debtor's tax payments are attributable to the EIC. Because Debtor's actual income tax in 2013 was $901.00, 15.72% of Debtor's tax payments, or $141.60,[2] is allocable to Debtor's EIC. The remaining $528.60 of the EIC is part of Debtor's income tax refund. Debtor does not agree with Trustee's calculation and believes the entire EIC of $670.00 should be exempt. Neither party cites legal authority for their positions.

The court first notes that proportionally allocating a tax refund is not a foreign concept in bankruptcy law. For example, courts have previously allocated tax refunds between a debtor and the debtor's non-filing spouse. In re Garbett, 410 B.R. 280 (Bankr. E.D. Tenn. 2009). Bankruptcy courts have also allocated tax refunds based on the date a bankruptcy petition is filed. In re Hardy, 495 B.R. 440 (Bankr. W.D. Mo. 2013). For example, if a debtor filed a bankruptcy petition on June 30, 2010, what portion of the debtor's upcoming 2010 tax refund is property of the bankruptcy estate?[3] Additionally, if exempt and nonexempt funds are commingled, courts have adopted a number of different approaches to determine what part of commingled funds retain exempt status. In re Wood, 459 B.R. 263, In re Maine, 461 B.R 723.

The court has been unable to locate any cases directly addressing Trustee's argument that a tax refund containing both exempt and nonexempt funds should be immediately segregated into exempt and nonexempt pools based on the proportion of income taxes paid by each pool. After looking into other situations where bankruptcy courts allocate tax refunds, the court believes cases analyzing the allocation of spending from commingled exempt and nonexempt funds is reasonably analogous to the current case. Both situations evaluate commingled asset pools and describe how to allocate expenses (spending in one and tax payments in the other) between exempt and nonexempt assets. However, simply because exempt and nonexempt funds are commingled does not transform exempt funds into nonexempt funds. Baumgart v. Alam (In re Alam), 359 B.R. 142 (B.A.P. 6th Cir. 2006). Exempt funds retain their exempt status as long as they remain reasonably traceable to their original exempt source. Id.

---

[1] Because the CTC is not a "payment," it is excluded from this calculation.
[2] $901.00 x .1572 = $141.60
[3] Debtor filed her bankruptcy petition on December 31, 2013, eliminating the need to conduct any analysis to determine the portion of Debtor's 2013 income tax refund which was earned before and after filing for bankruptcy.

4

In two recent Ohio cases dealing with commingled exempt and nonexempt assets, the courts adopted positions beneficial to debtors. In In re Wood, the debtor received his exempt EIC, as well as his nonexempt tax refund, as a single payment which he held in cash. 459 B.R. at 268. The trustee did not initially argue that the debtor's EIC should be split into exempt and nonexempt portions based on the percentage of taxes paid, but did argue that the debtor's purchases with the commingled cash should be apportioned on a pro-rata basis between the exempt and nonexempt funds. Id. Based on the bankruptcy policy of interpreting exemptions in a debtor's favor whenever possible, as well as the EIC's purpose of providing financial assistance to low income individuals, the court attributed all of Debtor's spending to the nonexempt portion of the refund. Id.; see also In re Maine, 461 B.R. at 731 (adopting the "lowest intermediate balance" test in a case with facts similar to In re Wood, which is a pro-debtor test that assumes a debtor first spends nonexempt assets in a commingled account, protecting the exempt funds until the balance in the account falls below the original value of the exempt assets). However, courts have stressed that no single method of allocating commingled funds is appropriate in every circumstance. In re Perkins, 2011 WL 4458961, at *4 (Bankr. N.D. Ohio 2011). Instead, each court must decide on the proper allocation method based on the individual facts of the case. Id.

The issue in the current case is not the allocation of spending from an account containing exempt and nonexempt funds, but instead the allocation of tax payments between exempt and nonexempt amounts when a refund is first received. The court, as always, starts with the text of the statute. Ransom v. FIA Card Servs., N.A., 131 S. Ct. 716, 723 (2011). The Ohio exemption statute protects a debtor's "interest" in the EIC, which does not reference reducing an exemption based on the proportion of taxes allocable to the exemption. O.R.C. § 2329.66(A)(9)(g). When an exemption can be interpreted in two different ways, and one way is beneficial to the debtor and the other is not, the beneficial manner is preferred. In re Wood, 459 B.R. at 269. While there are legitimate arguments for allocating exempt and nonexempt funds on a pro-rata basis as Trustee requests, there are also compelling counter arguments, and the text of the statute does not require either outcome. Additionally, the policy behind bankruptcy exemptions is to provide a debtor with assets sufficient to support himself and achieve a financial fresh start, and the EIC, as a form of public assistance, falls squarely within exemption policy. In re Maine, 461 B.R. at 733. Similar to the current case, the debtors in In re Wood and In re Maine both received lump sum tax refunds containing exempt and nonexempt portions. However, neither case discussed the proportional allocation of the initial tax refund, but only reached the issue once the debtor spent part of the commingled assets. See In re Wood, 459 B.R. at 268; In re Maine, 461 B.R. at 731.

The court is also driven, at least in part, by simplicity. Requiring a pro-rata calculation of each tax refund is not difficult by itself, but becomes one more complexity that is not impelled by the statute. If fairness or equity required the additional calculation the court would not hesitate, but as the above analysis makes clear, such additional work is not necessary. See In re Maine, 461 B.R. at 733–34 (noting that uniformity and simplicity, when appropriate, have long been underlying principles of bankruptcy law); In re Skiles, 504 B.R. 871, 885 (Bankr. N.D. Ohio 2014) (adopting a test that "strikes a balance between accuracy and complexity").

Finally, from a procedural viewpoint, the objecting party, Trustee in the current action, "has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003. Based on the above analysis, exempt portions of a tax refund should not be proportionally allocated based on taxes paid, unless the debtor takes actions commingling exempt and nonexempt funds in such a way that justifies the departure. Trustee has failed to provide such information, examples of which might be a debtor's bank account statements, credit card statements, or deposition testimony. If such information had been provided, it may have convinced the court that Debtor's commingling of exempt and nonexempt assets would make a complete exemption of the EIC inequitable. Debtor may exempt her entire $670.00 interest in her EIC.

**Conclusion**

For the reasons outlined above, Trustee's objection to Debtor's exemptions is **GRANTED IN PART** and **DENIED IN PART**. Trustee's objection to Debtor's exemption of her $1,000.00 CTC is **GRANTED**, but Trustee's objection to Debtor's exemption of a portion of her EIC is **DENIED**. Consequently, Debtor is able to exempt $670.00 in her EIC under O.R.C. § 2329.66(A)(9)(g), and may also use the $450.00 cash-on-hand and $1,250.00 "wild card" exemptions to protect additional portions of the tax refund.

An order will be issued simultaneously with this opinion.

# # #

**Miranda Faye Yost**
6715 Chestnut Street
Sterling, OH 44276

**Daniel F Gigiano**
Daniel F. Gigiano Co., L.P.A.
102 Main St.
#200
Wadsworth, OH 44281

**Anne Piero Silagy, Esq**
Canton
1225 South Main St
Suite 1
North Canton, OH 44720